SAMUEL GOLDBERG *vs.* MAX FEIGA & another.

Worcester. October 5, 1897. — January 8, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Bet on an Election — Action — Statute.*

Section 11 of St. 1895, c. 419, entitled "An Act relative to gaming," does not apply to a mere stakeholder who pays over the money in accordance with the terms on which he received it, and before he receives any notice that the authority given him to pay it over has been revoked.

CONTRACT, to recover money paid upon a bet as to the result of the Presidential election in 1896. Trial in the Superior Court, without a jury, before *Sheldon,* J., who found for the defendants; and the plaintiff alleged exceptions, in substance as follows.

The plaintiff and one Marcus made a bet with one Godinski, on October 29, 1896, that Bryan would be elected President, and Godinski bet that McKinley would be elected. The money, fifty dollars on the part of the plaintiff and Marcus, and two hundred dollars on the part of Godinski, was deposited with the defendant Feiga on said October 29. Of the fifty dollars, forty was paid by the plaintiff and ten by Marcus; but before the

election, while the money was still in Feiga's possession, Marcus assigned his interest to the plaintiff. Feiga offered evidence tending to show that he received the money as aforesaid, and that on November 4, 1897, he paid the entire two hundred and fifty dollars to Godinski.

The plaintiff asked the court to rule that he was entitled to recover on the whole evidence, and also that he was entitled to recover under the provisions of St. 1895, c. 419, whether the money had been paid over by said Feiga or not before. it was demanded by the plaintiff. The judge refused so to rule; and the plaintiff alleged exceptions.

*W. Thayer & H. W. Cobb*, for the plaintiff.

*R. Hoar*, for the defendants.

FIELD, C. J. This is an action originally brought in the Central District Court of Worcester, by one party to a bet on an election, against Feiga, the stakeholder, and Godinski, the other party to the bet. In that court, judgment was rendered for the plaintiff against Feiga and for the defendant Godinski, and the defendant Feiga appealed to the Superior Court. In the Superior Court, the plaintiff made two requests for instructions which the court refused to give. Independently of any statute, if Feiga paid over to Godinski the money deposited according to the result of the election before he received from the plaintiff any notice that the authority given him to pay it over had been revoked, Feiga would not be liable. *McKee* v. *Manice*, 11 Cush. 357.

The question then is whether, in its application to the present case, the law has been changed by § 11 of the St. of 1895, c. 419, entitled " An Act relative to gaming." This section is an amendment to Pub. Sts. c. 99, § 1. We are of opinion that § 11 of the St. of 1895, c. 419, was not intended to apply to a stakeholder who pays over the money in accordance with the terms on which he received the deposit before his authority has been revoked, and it may be doubted whether the words " other bet " found in that section should not be confined to bets similar to those mentioned in this and the other sections of the statute, which are a kind of gaming, like the lottery or policy game, the buying or selling of pools, combination bets, the playing at cards, dice, or other game, or the betting on the sides or hands of such as are gaming.          *Exceptions overruled.*